In the
United States Court of Appeals
For the Seventh Circuit

No. 99-1187

United States of America,

Plaintiff-Appellee,

v.

Marcus O. Evans,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Illinois, Western Division.
No. 93 CR 20024--Philip G. Reinhard, Judge.

Submitted July 28, 2000--Decided August 18, 2000

   Before Posner, Easterbrook, and Diane P. Wood, Circuit
Judges.

   Easterbrook, Circuit Judge.  This appeal presents
the question whether a motion for a new trial,
purportedly based on Fed. R. Crim. P. 33, is a
collateral attack on a criminal judgment, and
therefore subject to the rule that advance
appellate approval is required to initiate a
successive collateral attack. 28 U.S.C. sec.2255
para.8. Two of our decisions--United States v.
Woods, 169 F.3d 1077 (7th Cir. 1999), and
O'Connor v. United States, 133 F.3d 548 (7th Cir.
1998)--reserve this question for future decision.
The future is now, and we hold that any post-
judgment motion in a criminal proceeding that
fits the description of sec.2255 para.1 is a
motion under sec.2255, and that the second (and
all subsequent) of these requires appellate
approval. For this purpose the caption that the
defendant puts on the motion is irrelevant; a
federal prisoner may not use Rule 33 to avoid
sec.2255 para.8. But a genuine claim of newly
discovered evidence tending to show innocence is
not within sec.2255 para.1 and therefore does not
require prior appellate approval, even if the
prisoner has litigated and lost a collateral
attack under sec.2255.

   Section 2255 para.8 and 28 U.S.C. sec.2244(b),
both enacted in 1996 as part of the Antiterrorism
and Effective Death Penalty Act, replace the

doctrine of abuse-of-the-writ with a statutory formula for successive collateral attacks. Paragraph 8 says that "a second or successive motion" is subject to this screening mechanism, but the simplicity of the phrase is deceptive. Does this mean any successive motion, so that a new motion after the first was dismissed on procedural grounds, is subject to prior screening (and the stringent substantive limits)? A substantial body of opinions have been devoted to the question what counts as a collateral attack for this purpose. E.g., Slack v. McDaniel, 120 S. Ct. 1595 (2000); Stewart v. Martinez-Villareal, 523 U.S. 637 (1998); Calderon v. Thompson, 523 U.S. 538 (1998); Potts v. United States, 210 F.3d 770 (7th Cir. 2000); Gray-Bey v. United States, 209 F.3d 986 (7th Cir. 2000); In re Page, 179 F.3d 1024 (7th Cir. 1999); Benton v. Washington, 106 F.3d 162 (7th Cir. 1996); Burris v. Parke, 95 F.3d 465 (7th Cir. 1996) (en banc). Many of these decisions try to cope with procedural complexities--motions dismissed as premature or otherwise irregular procedurally. But a few address the substantive question: what distinguishes a motion under sec.2255 (or sec.2254), and thus countable under sec.2244(b) and sec.2255 para.8, from other post-verdict motions in a criminal case? Take Rule 33, which provides:

On a defendant's motion, the court may grant a new trial to that defendant if the interests of justice so require. . . . A motion for new trial based on newly discovered evidence may be made only within three years after the verdict or finding of guilty. . . . A motion for a new trial based on any other grounds may be made only within 7 days after the verdict or finding of guilty or within such further time as the court may fix during the 7-day period.

No one supposes, for example, that a motion under the last sentence, filed within 7 days of the jury's verdict, is a collateral attack that subjects any later sec.2255 motion to the appellate screening mechanism. Yet Rule 33 also authorizes new-trial motions as late as three years after the verdict, which often will be later than the period of limitations for motions under sec.2255 para.6. These deferred motions are a form of collateral attack even when they seek to vindicate "the interests of justice" rather than any constitutional norm, and as in this case some Rule 33 motions may be indistinguishable from successive motions under sec.2255.

Evans was sentenced to life imprisonment for his role in a large-scale, long-running cocaine distribution operation. On direct appeal we affirmed his conviction and sentence. United

States v. Evans, 92 F.3d 540 (7th Cir. 1996). Evans then filed a motion under sec.2255 specifying twelve grounds on which, he believed, he was entitled to collateral relief. The district court denied the motion, and we declined to issue a certificate of appealability. Evans v. United States, No. 98-3870 (7th Cir. Apr. 30, 1999) (unpublished order). Meanwhile Evans filed his motion under Rule 33, seeking a new trial on the basis of what he called "newly discovered evidence"--that the prosecution had withheld until after the end of his trial information that his lawyer might have used to impeach Melvin Jones, one of the witnesses against him. Delay in disclosing this information violated the due process clause and entitled him to a new trial, if not to dismissal of the indictment, Evans insisted. See Brady v. Maryland, 373 U.S. 83 (1963). Evans also contended that he is entitled to a new trial because the prosecution's use of witnesses who expected lenience in exchange for their testimony violated federal law. See United States v. Singleton, 144 F.3d 1343 (10th Cir. 1998), reversed en banc, 165 F.3d 1297 (1999), and disapproved by United States v. Condon, 170 F.3d 687 (7th Cir. 1999). Evans had tried to add the Brady claim to his sec.2255 proceeding, but the district judge declined to allow him to amend his motion; the Singleton claim was new. But both the Brady claim and the Singleton claim readily could have been presented under sec.2255. Both fit the description in sec.2255 para.1:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

If a motion within the scope of sec.2255 para.1 is the kind of "motion" to which sec.2255 para.8 refers, then Evans's motion was a second or successive collateral attack requiring this court's prior approval. Without considering the possibility that he was looking at a second collateral attack, the district judge denied Evans's motion on the merits (and redundantly held that it was untimely). When Evans sought leave to proceed on appeal in forma pauperis, we directed the parties to file memoranda addressing the question whether the district judge had jurisdiction to entertain the motion at all. These memoranda have been received, and the case is ready for decision.

It is awfully hard to see how the "motion" to which sec.2255 para.8 refers could be anything other than a motion fitting the description of para.1. This is how we understood matters in Romandine v. United States, 206 F.3d 731, 734-36 (7th Cir. 2000), and Valona v. United States, 138 F.3d 693, 694 (7th Cir. 1998); the approach those opinions take is generalizable: any motion filed after the expiration of the time for direct appeal, and invoking grounds mentioned in sec.2255 para.1, is a collateral attack for purposes of para.8. The qualification relating to the time for appeal is important, because issues presented to the district court in time for inclusion on direct appeal are not collateral attacks on a judgment. Reading sec.2255 para.8 in this manner treats likes alike. Any other approach enables prisoners to defeat the AEDPA by changing the captions on their papers and proceeding as if the Act did not exist. But, as Romandine added, a corollary is that proceedings that do not meet the description of sec.2255 para.1 are not motions for purposes of para.8, even if they otherwise walk and talk like collateral attacks. A bona fide motion for a new trial on the basis of newly discovered evidence falls outside sec.2255 para.1 because it does not contend that the conviction or sentence violates the Constitution or any statute. We know from Herrera v. Collins, 506 U.S. 390 (1993), that a conviction does not violate the Constitution (or become otherwise subject to collateral attack) just because newly discovered evidence implies that the defendant is innocent. See also Guinan v. United States, 6 F.3d 468, 470-71 (7th Cir. 1993) (observing that a Rule 33 motion is designed to rectify factual injustice, not to correct legal error). The Constitution guarantees a trial designed to separate the guilty from the innocent; it does not ensure that these procedures always work. Like most states, the federal government provides a window during which prisoners may present newly discovered evidence, leading to new trials in the interest of justice, even though the Constitution does not require this procedure. The only significance of newly discovered evidence for genuine collateral attacks, Herrera holds, is that

a petitioner otherwise subject to defenses of abusive or successive use of the writ may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence. This rule, or fundamental miscarriage of justice exception, is grounded in the "equitable discretion" of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons. But this body of our habeas jurisprudence makes clear

that a claim of "actual innocence" is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.

506 U.S. at 404 (citation omitted). The AEDPA supersedes the common-law equitable discretion to which Herrera refers but likewise allows actual innocence to open the door to a successive collateral attack. See sec.2244(b)(2)(B), sec.2255 para.8(1).

Because a claim of innocence based on newly discovered evidence is not itself a ground of collateral attack, the AEDPA does not affect the operation of (or three-year window to file) bona fide motions under Rule 33. A defendant whose argument is not that newly discovered evidence supports a claim of innocence, but instead that he has new evidence of a constitutional violation or other ground of collateral attack, is making a motion under sec.2255 (or sec.2254) no matter what caption he puts on the document. This is the burden of Evans's motion. He claimed to have evidence of a Brady problem, not evidence demonstrating his innocence. (What is more, his evidence suggesting a Brady problem was not "newly discovered." Evans's lawyer learned after trial, but before sentencing, that Melvin Jones was a drug user and was featured in a police report as a suspect in an armed robbery; these matters might have been useful in impeachment, and thus set the stage for a Brady argument, but by the time Evans had been sentenced they were no longer "newly discovered.") The panel decision in Singleton may have been "newly discovered" but it was not "evidence" and again was only tangentially related to innocence. Both the Brady claim and the Singleton claim are classic grounds of collateral attack. They fall within sec.2255 para.1 and, because Evans already has had a collateral attack, they may be pursued only with advance appellate approval. The district court accordingly lacked jurisdiction to entertain Evans's motion.

One caveat is in order. Our case is easy because Evans filed a motion explicitly under sec.2255, then tried to evade the limitations on successive motions by placing a Rule 33 caption on his next collateral attack. Suppose the sequence had been reversed: a motion nominally under Rule 33 but actually making Brady and Singleton claims, followed by an avowed sec.2255 motion. Should the district judge recharacterize the Rule 33 motion in retrospect as one under sec.2255 and then dismiss the express sec.2255 motion? Like at least two other circuits, see United States v. Miller, 197 F.3d 644 (3d Cir.

1999); Adams v. United States, 155 F.3d 582 (2d Cir. 1998), we have been reluctant to allow district judges to convert one kind of motion into another with different procedural effects under the AEDPA and its cousin the Prison Litigation Reform Act. See, e.g., Valona, 138 F.3d at 694-95; Moore v. Pemberton, 110 F.3d 22 (7th Cir. 1997); Copus v. Edgerton, 96 F.3d 1038 (7th Cir. 1996). When a prisoner who has yet to file a motion under sec.2255 invokes Rule 33 but presents issues substantively within sec.2255 para.1, the district judge should alert the movant that this can preclude any later collateral proceedings and ask whether the prisoner wishes to withdraw the claim (or add any other arguments for collateral relief). We postpone, until the occasion requires, deciding what should happen if the district judge fails to deliver that advice, denies the Rule 33 motion on the merits, and the prisoner then files what would otherwise be a timely sec.2255 petition.

The judgment of the district court is vacated, and the case is remanded with instructions to dismiss for want of jurisdiction. Nunez v. United States, 96 F.3d 990 (7th Cir. 1996). Treating Evans's papers as an implied application for leave to commence a second collateral attack, we deny the application. Evans does not point to any new rule of constitutional law made retroactive by the Supreme Court, sec.2255 para.8(2), and although he uses the phrase "newly discovered evidence" he does not contend that this is "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense", sec.2255 para.8(1). Evans therefore is not entitled to a second round of collateral review.