In the
United States Court of Appeals
For the Seventh Circuit

No. 99-4253

United States of America,

Plaintiff-Appellee,

v.

Anthony A. Smith,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 91-CR-30018-04-WDS--William D. Stiehl, Judge.

Submitted December 11, 2000--Decided February 8, 2001

   Before Coffey, Easterbrook, and Evans, Circuit
Judges.

   Easterbrook, Circuit Judge.  For a fourth time we
consider arguments presented by Anthony Smith.
The first time the case was here, on direct
appeal from his conviction, we rejected most of
his contentions but remanded for inquiry into the
possibility of juror prejudice. United States v.
Smith, 26 F.3d 739 (7th Cir. 1994). The district
court rejected Smith's position on remand, and we
affirmed in an unpublished order. 1997 U.S. App.
Lexis 2332 (7th Cir. Feb. 7, 1997).

   In April 1996 Smith began the current round of
proceedings by filing a motion for resentencing
under 18 U.S.C. sec.3582(c), contending that a
retroactive change in the Sentencing Guidelines
required a reduction in his sentence. The
district court agreed and reduced Smith's
punishment from life to 405 months' imprisonment.
But Smith was not happy with this change, even
though it is the one specified by the amended
guideline. He asked the district judge to cut his
sentence still further, to 240 months, because
the jury had not determined the amount of crack
cocaine in which he had dealt. Twenty years (240
months) is the maximum for a person convicted of
dealing in any small quantity of that substance.
21 U.S.C. sec.841(b)(1)(C). The district court
rejected that argument, as did we in an

unpublished order. 2000 U.S. App. Lexis 14038 (7th Cir. June 5, 2000). But after issuing Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), the Supreme Court remanded Smith's case to us for further consideration. 121 S. Ct. 336 (2000).

Apprendi establishes that the district court erred in 1992 when it failed to tell the jury to determine whether Smith is accountable for more than 50 grams of crack cocaine, which authorizes a maximum term of life imprisonment, sec.841(b)(1)(A), or only some lesser amount. See United States v. Nance, No. 00-1836 (7th Cir. Dec. 29, 2000). If Smith possessed at least 5 grams of crack with intent to distribute, then the statutory maximum is 40 years, sec.841(b)(1)(B), and for any lesser weight the maximum is 20 years. Smith's 405-month sentence is under 40 years, so 5 grams would have sufficed. Given the extensive criminal conduct narrated in our 1994 opinion concerning Smith and his many confederates, who operated an extensive, multi-year drug ring, such a finding would have been ordained. The judge found Smith accountable for more than 15 kilograms of crack cocaine, and the lowest plausible estimate was around 9 kilograms. 26 F.3d at 756-57. It is inconceivable that the jury would have convicted Smith of participating in the overall conspiracy, as it did, yet believed that he and his co-conspirators jointly dealt in less than 5 grams of crack. (Smith is answerable for all criminal acts of his co-conspirators within the scope of the conspiracy.) Thus, just as in Nance, the error in 1992 was not "plain error."

Smith did not raise this issue in 1992, when it would have been possible to submit the question to a jury, so "plain error" would be the standard if this were a direct appeal. But it is not. It is effectively a collateral attack, where the standard is even higher. Smith did not raise this contention in the district court at the time of trial, or in this court on direct appeal. His conviction and sentence thus became final. Smith's post-judgment request for resentencing rested on a change in the Sentencing Guidelines. Only at his resentencing under the amended guideline did Smith first raise the contention that the jury should have been told to determine whether the conspiracy dealt in 50, 5, or less than 5, grams of crack cocaine. That was a new issue, one not authorized by sec.3582(c), for it is unrelated to any change in the Sentencing Guidelines. It is instead the sort of contention usually raised by motion under 28 U.S.C. sec.2255, and because the argument falls within the scope of sec.2255 para.1 we treat it as a collateral attack under that statute. See United States v. Evans, 224 F.3d 670 (7th Cir. 2000);

Romandine v. United States, 206 F.3d 731 (7th Cir. 2000).

To obtain collateral relief Smith must show "cause and prejudice," because he did not contend at his trial in 1992 that the jury must determine the quantities of drugs involved in the conspiracy. See United States v. Frady, 456 U.S. 152 (1982); Engel v. Isaac, 456 U.S. 107 (1982). Smith may believe that his neglect is excused because United States v. Jones, 526 U.S. 227, 243 n.6 (1999), represents the Supreme Court's first express statement that the Constitution requires issues of this kind to be resolved by juries. A negative implication to the same effect may be derived from Edwards v. United States, 523 U.S. 511 (1998), which holds that the judge determines drug quantities for purposes of the Sentencing Guidelines; the Court reserved the question whether the thresholds under sec.841(b) must be presented to juries. Even Edwards, however, was released long after Smith's 1992 trial.

Nonetheless, the lack of precedent for a position differs from "cause" for failing to make a legal argument. Indeed, even when the law is against a contention, a litigant must make the argument to preserve it for later consideration. See Bousley v. United States, 523 U.S. 614, 622–24 (1998); Engel, 456 U.S. at 130 n.35 (that a legal argument would have been unpersuasive to a given court does not constitute "cause" for failing to present that argument). "Cause" means some impediment, and Smith does not contend that any outside force impeded his legal defense in 1992. (Nor does he contend that counsel was ineffective for failure to anticipate Apprendi; no such argument would be tenable.) The lack of any reasonable legal basis for a claim may constitute "cause," see Reed v. Ross, 468 U.S. 1, 16 (1984), but the foundation for Apprendi was laid long before 1992. Other defendants had been making Apprendi-like arguments ever since the Sentencing Guidelines came into being, and in McMillan v. Pennsylvania, 477 U.S. 79 (1986), the Court addressed on the merits an argument along similar lines. Smith could have invoked the themes in McMillan, and for that matter In re Winship, 397 U.S. 358 (1970), just as the Justices themselves did in Apprendi. See Garrott v. United States, No. 99-2921 (7th Cir. Jan. 30, 2001). Thus Smith has not established cause; and for the same reason that he could not show plain error (if that were the right standard) he cannot show prejudice either.

In discussing cause and prejudice we have assumed that Apprendi applies in the first place. This is by no means clear. Under Teague v. Lane, 489 U.S. 288 (1989), few constitutional arguments

apply retroactively on collateral attack even if properly preserved. The Supreme Court has not held that Apprendi is retroactively applicable on collateral attack. See Talbott v. Indiana, 226 F.3d 866 (7th Cir. 2000). Given our conclusion that Smith has established neither cause nor prejudice, however, it is unnecessary to explore the subject of retroactivity.

Affirmed