UNITED STATES OF AMERICA,
Plaintiff–Appellee,

v.

Anthony Maurice WASHINGTON,
Defendant–Appellant.

No. 00–2713.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 30, 2001.

Decided Feb. 22, 2001.

Before Hon. FLAUM, Chief Judge,
Hon. RIPPLE, and Hon. ILANA
DIAMOND ROVNER, Circuit Judges.

## ORDER

■ Anthony Maurice Washington was convicted after a jury trial of conspiracy to distribute and possess with the intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1). Presiding District Judge Paul E. Riley sentenced Washington to 188 months' incarceration. On appeal, this court affirmed Washington's conviction, see *United States v. Washington*, 184 F.3d 653 (7th Cir.1999), but remanded the case for resentencing. On remand, the case was reassigned to District Judge William L. Beatty, who resentenced Washington to 188 months' incarceration. In this successive appeal, Washington argues that he should receive a new trial because Judge Riley suffered from a medical disability that may have undermined the fairness of his trial, and because the government did not allege or prove beyond a reasonable doubt the amount of drugs involved in the conspiracy under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We affirm.

In 1996, the United States Drug Enforcement Agency began investigating Washington after it received information that Stanford Riley, Jr. was storing cocaine for Washington and Andre Hogan. Agents searched Riley's house and discovered in his jackets three packages containing 880.4 grams of cocaine, and a lockbox containing $4,000 and a pistol. Riley claimed ownership of the jackets and the lockbox, but denied knowledge of the drugs and the money.

In March 1997, police learned that Dwight Flowers was traveling from Houston, Texas to St. Louis, Missouri with two kilograms of cocaine. Police officers searched Flowers's home and car, discovering two plastic bags containing approximately 700 grams of cocaine, a loaded firearm, and $6,000. Flowers informed police that he had obtained the drugs for Washington. Flowers then agreed to cooperate with the government, arranging to sell drugs to Washington through monitored phone calls. Agents later intercepted Washington prior to a scheduled exchange and discovered approximately $60,000 in his car. Washington claimed that he was planning to use the cash to purchase a car for a friend: Washington, Hogan, Flowers, and Riley were charged with conspiracy to possess and distribute cocaine and cocaine base in violation of §§ 846 and 841(a)(1).

At trial, several witnesses testified against Washington pursuant to plea agreements, including Flowers, who testified that he traveled to Houston to acquire two kilograms of cocaine, one for himself and one for Washington. Flowers also testified that Washington paid him for going to pick up the drugs before he left for Houston, and told the jury about the monitored phone calls to arrange further drug transactions. On December 8, 1997, the jury returned guilty verdicts against Washington and Hogan, but acquitted Riley. Judge Riley sentenced Washington to 188 months' incarceration and 5 years' supervised release, and also imposed a $10,000 fine and a $100 special assessment.

Washington appealed, and we affirmed his conviction but remanded the case for resentencing. See *United States v. Washington*, 184 F.3d 653 (7th Cir.1999). In determining Washington's sentence, Judge Riley had imposed a two-level upward adjustment for his leadership role in the conspiracy under United States Sentencing Guidelines § 3B1.1(c). But because Judge Riley did not give a reason for imposing the upward adjustment, we vacated Washington's sentence and remanded the case for resentencing "in order for the court to comply with Rule 32(c)(1)." *Id.* at 660.

On remand, the case was reassigned to Judge Beatty because Judge Riley had left the bench for medical reasons. Washington moved for a new trial under Federal Rule of Criminal Procedure 25(b), arguing that Judge Beatty could not sufficiently familiarize himself with the case, even for purposes of resentencing, because witness credibility was vital to the government's case. At the motion hearing, Washington raised for the first time the issue of Judge Riley's fitness at trial, citing a newspaper report detailing Judge Riley's medical problems, including dementia resulting from a series of mini-strokes. Judge Beatty denied Washington's motion for a new trial and then ordered the probation officer to update Washington's presentence investigation report. On June 19, 2000, Judge Beatty conducted a hearing and ultimately imposed the same sentence given by Judge Riley, concluding that a two-level upward adjustment under § 3B1.1(c) was warranted.

On appeal for the second time, Washington argues that Judge Beatty erred by denying his motion for a new trial under Rule 25(b). Rule 25(b) provides in relevant part:

> If by reason of absence, death, sickness or other disability the judge before whom the defendant has been tried is unable to perform the duties to be performed by the court after a verdict or finding of guilt, any other judge regularly sitting in or assigned to the court may perform those duties; but if that judge is satisfied that a judge who did not preside at trial cannot perform those duties or that it is appropriate for any other reason, that judge may grant a new trial.

Once selected, successor judges have broad discretion in determining whether they can properly impose a sentence in a case upon which they did not preside at trial. *United States v. Soto*, 48 F.3d 1415, 1420 (7th Cir.1995).

This case is similar to *Soto*. In *Soto*, this court affirmed the conviction of a defendant on drug charges, but remanded the case for resentencing because the record was unclear whether the district court credited evidence regarding the defendant's eligibility for a downward adjustment as a minor participant. *Id.* at 1418. The court vacated the sentence and remanded the case "for the sole purpose of determining whether Soto was entitled to a two-level reduction." *Id.* Subsequent to Soto's sentencing, but before the appellate decision was rendered, the district judge who presided over Soto's trial retired from active status. *Id.* The newly-assigned district judge then imposed the same sentence on remand. *Id.* On appeal, this court upheld the sentence, holding that the successor judge did not commit clear error in imposing the new sentence. *Id.* at 1420–21, 26.

Washington claims that he is entitled to a new trial because Judge Beatty could not assess the credibility of witnesses by merely reading the trial transcript. But Judge Beatty did not abuse his discretion by concluding that he could competently perform the only task required at the resentencing–ruling on the application of § 3B1 .1 in compliance with Rule 32(c)(1). Like the successor judge in *Soto*, the district court in this case had a limited role on remand, and did not need to conduct a new trial to determine whether an upward adjustment for leadership was appropriate. Judge Beatty had the benefit of hearing from the case agent, whom the government called to testify at the re-sentencing in order to outline the roles of the various members of the conspiracy as well as their relationship to Washington. The case agent was subject to cross-examination, and of course Judge Beatty was able to

assess his credibility. The judge also had the benefit of the evidence summarized in the presentence report. Notably, although Washington objected to the probation officer's recommendation that he receive a two-level increase pursuant to § 3B1.1(c), he presented no evidence at the resentencing calling into question the pertinent facts set forth in the presentence report. Consequently, Judge Beatty was entitled to rely on the presentence report as well in making his determination. *E.g., United States v. Purchess,* 107 F.3d 1261, 1268 (7th Cir.1997). In short, the mere fact that Judge Beatty did not preside at trial in no way hampered his ability to assess Washington's role in the offense, and we find no clear error in the judge's decision to impose the two-level upward adjustment.

Washington also claims that Judge Beatty erred by not reading the entire trial transcript before determining his sentence. Judge Beatty, however, gave Washington the opportunity to read any part of the transcript, but he declined the offer. Consequently, Washington cannot complain that Judge Beatty refused to consider witness testimony at trial in determining his sentence.

■ Washington next argues that he is entitled to a new trial because Judge Riley's medical problems may have tainted his conviction. Washington again claims that he is entitled to a new trial under Rule 25(b), but his argument focuses on the conduct of the presiding judge, not the ability of the successor judge, and is thus outside the scope of Rule 25. *See* Fed. R.Crim.P. 25. The government argues that Washington's motion is really a motion for a new trial based on additional evidence under Federal Rule of Criminal Procedure 33. But Washington is not claiming that he has newly discovered evidence supporting a claim of innocence, but instead that he has new evidence of a constitutional violation–namely that Judge Riley may have been incompetent during his trial. Thus, Mr. Washington's argument is really a collateral attack falling within 28 U.S.C. § 2255. *See United States v. Evans,* 224 F.3d 670, 675 (7th Cir.2000).

■ Even though Washington raised the issue of Judge Riley's medical condition here and below, we believe he should be allowed to pursue a collateral attack to resolve the issue. Unlike this case, in *Evans* the defendant first brought a § 2255 motion, and then tried to evade the limitations on successive habeas corpus motions by mislabeling his next collateral attack as one under Rule 33. *Id.* This court then considered the reverse scenario, where the defendant first files a nominal Rule 33 motion, then a § 2255 motion. In such cases, *Evans* advised district courts to (1) alert defendants bringing a purported Rule 33 motion before filing a motion under § 2255 that doing so can preclude any later collateral proceedings, and (2) ask whether the prisoner wishes to withdraw the claim. *Id.* at 675. *Evans* postponed deciding what should happen if the district judge fails to deliver such advice, denies the Rule 33 motion on the merits, and the prisoner then files what would otherwise be a timely § 2255 motion. *Id.*

Here, we believe Washington should be able to pursue a § 2255 attack because (1) Judge Beatty failed to warn Washington that his request for a new trial based on Judge Riley's illness was really a § 2255 attack that could preclude further collateral challenges, and (2) Washington's motion was not recognized as a Rule 33 motion at the time by the parties or the judge. Thus, Washington should not be prevented from trying to establish impropriety through a collateral attack because he was

not afforded the protections recognized in *Evans*.

Washington's other arguments on appeal lack merit. First, he argues that he is entitled to a new trial under *Apprendi* because the indictment did not allege, and the jury did not determine, the amount of drugs involved in the conspiracy. But the district court sentenced Washington to only 188 months' incarceration, well under the 20–year default statutory maximum under § 846 and § 841(b)(1)(c). Consequently, *Apprendi* does not apply to Washington's appeal. *See United States v. Nance*, 236 F.3d 820 (7th Cir.2000) (holding that drug quantity must be proven to jury beyond a reasonable doubt only if sentence exceeds 20–year default statutory maximum).

Washington also argues that the evidence is insufficient to support his conviction. But because Washington's conviction was already affirmed by this court, and this court remanded the case for the limited purpose of resentencing, the district court had no authority to overturn his conviction based on insufficient evidence. *See United States v. Parker*, 101 F.3d 527, 528 (7th Cir.1996) (holding that where remand is limited to sentence correction, only issues arising from that correction could be raised in a subsequent appeal).

The judgment of the district court is AFFIRMED.