William J. FOLEY, Plaintiff–Appellant,

v.

Jon E. LITSCHER, et al., Defendants–Appellees.

No. 00–3523.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 18, 2002.*

Decided Jan. 21, 2003.

* The appellees chose not to participate in this appeal. After an examination of the appellant's brief, a brief filed by amicus curiae counsel in Mr. Foley's interest, and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before RIPPLE, KANNE, and ROVNER, Circuit Judges.

## ORDER

William Foley appeals an order denying his motion to vacate the dismissal of his petition for writ of habeas corpus. We vacate and remand.

Mr. Foley was convicted of sales tax theft. He was unable to get the Wisconsin state courts to overturn his conviction, so he filed a document in the district court entitled "Complaint." The district court concluded that the document, which sought to "overturn the decisions of the Wisconsin State Courts," was a petition for writ of habeas corpus, 28 U.S.C. § 2254. The court found the petition to be incomplete and ordered Mr. Foley to correct the deficiencies within eleven days. Mr. Foley did not correct the petition, and fifteen days later the district court dismissed his case. In the order dismissing the petition, the district court stated that "[i]t plainly appears from an examination of the original petition and annexed exhibits that the petitioner is not entitled to relief in the district court." A few months later, Mr. Foley attempted to file another § 2254 petition in the same court, but the court dismissed it as an unauthorized successive petition. *See* 28 U.S.C. § 2244(b). Mr. Foley then tried to get the dismissal of his first petition set aside by filing a motion under Federal Rule of Civil Procedure 60(b). The court denied the Rule 60(b) motion, as well as a motion for reconsideration. Mr. Foley filed a timely appeal of the court's decision to deny him relief under Rule 60(b).

Rule 60(b) provides relief from judgments based on special circumstances that could not have been challenged through direct appeal. *See* Fed.R.Civ.P. 60(b); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800–01 (7th Cir.2000). Our review is extremely deferential and we will overturn a Rule 60(b) ruling only for abuse of discretion. *Manley v. City of Chi.*, 236 F.3d 392, 398 (7th Cir.2001).

■ We appointed amicus curiae counsel to assist Mr. Foley in his appeal. Amicus counsel argues that the district court abuse its discretion in denying Mr. Foley's 60(b) motion for two reasons. First, amicus counsel argues that dismissal with

prejudice was unjust because the district court converted Mr. Foley's complaint into a § 2254 petition without warning Mr. Foley that he may be barred from filing subsequent petitions. *See* 28 U.S.C. § 2244(b). Although we directed amicus counsel to address the conversion issue, an examination of the complaint Mr. Foley filed in the district court (which was not a part of the original record before us) reveals that Mr. Foley had always intended to file a § 2254 petition, so there was no conversion issue. Although captioned as a "complaint," in the body of the document Mr. Foley characterizes it as a "petition" and unambiguously requests that his state-court conviction be overturned. Furthermore, as Mr. Foley explains in his Rule 60(b) motion and in his appellate brief, he had intended to file a habeas corpus petition, but the court clerk gave him the wrong standard form. Because no conversion occurred, the district court was not required to warn Mr. Foley that he may be barred from filing subsequent petitions. *See United States v. Evans,* 224 F.3d 670, 675 (7th Cir.2000).

Second, amicus counsel argues that the district court should have granted Mr. Foley's 60(b) motion because Mr. Foley reasonably, but mistakenly, believed that dismissal of his petition would be without prejudice. A *pro se* litigant's confusion or mistake may serve as a basis for Rule 60(b) relief. *See Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 554–59 (7th Cir.1996). In *Donald,* a *pro se* inmate failed to name any individual defendants in a civil rights complaint and so the district court dismissed it. *Id.* at 552–53. The inmate missed the deadline to file a direct appeal and instead filed a Rule 60(b) motion, which the court denied. *Id.* at 553–54. We reversed, holding that the district court should have granted Rule 60(b) relief because its order dismissing the complaint could not reasonably have been understood by a *pro se* litigant to be a final, appealable order. *Id.* at 558–59.

Foley was apparently also confused. The order directing Mr. Foley to amend his petition describes the petition as lacking "sufficient information for the court to make a preliminary consideration." Given our cases, *see, e.g., Benton v. Washington,* 106 F.3d 162, 164 (7th Cir. 1997), Mr. Foley could reasonably have understood this language to mean that his petition was so facially deficient that it would not be considered on the merits, and would not make the filing of a corrected petition a "second or successive petition." *Id.* Moreover, even after the district court dismissed his petition, Mr. Foley did not realize that it had been dismissed with prejudice; the order dismissing his petition does not mention that the dismissal was with prejudice or on the merits. Mr. Foley's confusion is understandable, as is his failure to file a direct appeal, and so the court abused its discretion when it denied his motion for Rule 60(b) relief. *Id.* at 558–59.

Accordingly, the order denying Mr. Foley's Rule 60(b) motion is VACATED, and the case is REMANDED with instructions to the district court to modify its April 27, 2000, order to reflect that the dismissal of Mr. Foley's petition for a writ of habeas corpus was without prejudice. We note that although this order allows Mr. Foley to file a new petition, we express no opinion about whether the petition will comply with any pertinent procedural rule or statute of limitations.