UNITED STATES of America,
Plaintiff–Appellee,

v.

Victor STEELE, Defendant–Appellant.

No. 02–4175.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 5, 2003.*

Decided Aug. 6, 2003.

Rehearing and Rehearing En Banc
Denied Sept. 2, 2003.

Before FAIRCHILD, POSNER, and DIANE P. WOOD, Circuit Judges.

---

* This successive appeal has been assigned to the original panel under Internal Operating Procedure 6(b). The panel heard oral argument on the initial appeal and is unanimously of the view that a second argument is unnecessary.

## ORDER

Victor Steele was convicted and sentenced for a number of federal charges arising from his kidnapping of Anita Woodridge. We affirmed his conviction and sentence in *United States v. Steele*, no. 99–2129, 2000 WL 796191, 2000 U.S.App. LEXIS 14097 (7th Cir. June 14, 2000) (unpublished). The essential facts are described in our order. Steele now appeals from the district court's denial of his post-judgment motion for a new trial under Federal Rule of Criminal Procedure 33, claiming that he has newly discovered evidence proving his innocence. We affirm.

Before we address the merits, a few words on jurisdiction. The government contends that we lack jurisdiction to review three of Steele's appellate arguments. In his motion (including supplements) Steele not only asserted claims that newly discovered evidence entitled him to a new trial (failing in large part to describe such evidence), but also claims that he was convicted in violation of the Constitution. Chief Judge Barker separated out the claims of constitutional error reserving them for consideration along with already pending claims of constitutional error brought in a motion under 28 U.S.C. § 2255. She then entered the order, now appealed from, denying the motion for a new trial.

This poses the question whether her order lacked finality because it did not decide all the claims made in Steel's motion.

■ § 2255 and Rule 33 are utterly distinct procedural vehicles, each with it's own rules and time limits. *See United States v. Evans*, 224 F.3d 670, 671–73 (7th Cir.2000). Rule 33 allows a defendant to seek a new trial within three years of conviction on the basis of newly discovered evidence supporting his innocence and is a part of the criminal proceeding; a motion

under § 2255 on the other hand, is a collateral attack on a sentence based upon a claim that the conviction or sentence was in violation of the constitution or laws of the United States. See § 28 U.S.C. 2255; Federal Rule Crim. P. 33; *id.* at 672–73. The types of claims appropriate for the respective motions are different; asserting that newly discovered evidence would probably lead to an acquittal in the event of a retrial does not embrace a claim that the conviction or sentence was in violation of the Constitution or laws. *See Herrera v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). Therefore, as we held in *Evans* and as the district court recognized here, a prisoner cannot avoid the rules restricting motions under § 2255 by including claims of constitutional error in a motion under Rule 33. *See Evans*, 224 F.3d at 672–73. We conclude that the district court's moving the constitutional claims for later disposition under § 2255 was appropriate and that the order denying the motion for new trial was final. And although it is preferable for district courts to consider motions under Rule 33 and § 2255 together, if possible, *see O'Connor v. U.S.*, 133 F.3d 548, 550–51 (7th Cir., 1998)–the better to avoid piecemeal litigation and prejudice to the prisoner–we see no possibility that Steele's effort under § 2255 will be adversely affected by the district court's bifurcation of his claims. Thus, because the district court's order is final as to the Rule 33 claims we have jurisdiction of this appeal. *See* 28 U.S.C. § 1291, *Deckard v. GMC*, 307 F.3d 556, 560 (7th Cir.2002) (final order necessary for appellate jurisdiction); *United States v. Kaufmann*, 951 F.2d 793, 794–95 (7th Cir.1992) (court had jurisdiction only over charges for which final order was entered, and not over charges on which no verdict was returned).

As for the merits, we believe that the district judge carefully considered and rejected Steele's claims under Rule 33 that he has newly discovered evidence warranting a retrial. Steele's "new evidence" consists of 1) medical reports describing Woodridge's injuries; 2) alleged new alibi witnesses; 3) statements made by Woolridge in post-trial interviews about the location of alleged sexual assaults; 4) statements made by the prosecuting attorney during Steele's sentencing hearing that allegedly contradict Woodridge's trial testimony regarding where the sexual assaults took place; and 5) statements by Judge Diane Wood during oral argument on Steele's direct appeal that the government was "going to get away with" violating the dictates of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) because the violations were ultimately non-prejudicial. The district court recognized that to win a new trial Steele needed to show that this "new evidence" 1) came to his knowledge only after trial; 2) could not have been discovered any sooner using due diligence; 3) is material and not merely impeaching or cumulative; and 4) probably would lead to an acquittal in the event of a new trial. *See United States v. Hodges*, 315 F.3d 794, 801 (7th Cir.2003). None of Steele's alleged new evidence satisfied all these standards. Woodridge's medical reports were provided to Steele a week before trial, and her post-trial statements are, according to Steele himself, merely impeaching. We have previously rejected Steele's reliance on alleged alibi witnesses because there was no reasonable probability of a different verdict had these witnesses testified at trial in conformity with their statements. *See Steele*, no. 99–2129, 2000 WL 796191, at *4, 2000 U.S.App. LEXIS 14097 at *14, and in any event Steele did not provide names, affidavits, or anything else that would have allowed the district court to evaluate the quality of his supposed alibi. Finally, neither the prosecutor's nor Judge Wood's comments constitute evidence, much less evidence that is exculpatory.

Steele's appellate arguments do not cause us to second-guess the district court's well-reasoned opinion. Steele contends that the judge should have considered the cumulative effect of his "new evidence" and should have held an evidentiary hearing. But Steele's evidence even taken together is insufficient to create a probability of acquittal at retrial and to call for an evidentiary hearing. It is true that Anita Woolridge was the only witness who related all facets of the conduct charged. Her testimony was, however, thoroughly corroborated at many points along the way by other independent evidence. Her testimony was almost irrefutably corroborated by the fact that Steele was arrested just blocks away from his building in LaCrosse, Wisconsin, several hundred miles and two states away from Anita's home in Kokomo, Indiana, and that on search of the building she was found shut in a cabinet which could only be opened from the outside.

The judgment appealed from is AFFIRMED.