**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 16, 2006[*]
Decided August 17, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-4239

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division |
| *v.* | No. 1:01-CR-12 |
| BRYANT J. KING, *Defendant-Appellant.* | William C. Lee, *Judge.* |

**O R D E R**

In 2002 Bryant King was convicted of distributing methamphetamine, 21 U.S.C. § 841(a)(1), and sentenced to 262 months' incarceration. The facts underlying his conviction are set out in *United States v. King*, 356 F.3d 774 (7th Cir. 2004), in which we affirmed his conviction and sentence. King then filed a collateral action under 28 U.S.C. § 2255, in which he argued that his trial counsel was ineffective and that the prosecution withheld exculpatory evidence. The district court denied the motion and, after King filed a notice of appeal, declined to grant him a certificate of appealability. King failed to pay the required docketing

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

fee, and we dismissed his appeal pursuant to Circuit Rule 3(b). *See King v. United States*, No. 05-2543 (7th Cir. Aug. 2, 2005). King then filed the motion for new trial at issue in this appeal, *see* Fed. R. Crim. P. 33(a), (b)(1), based on what he characterized as "new evidence" comprised of cell phone records, investigative reports authored by federal agents, information about the drug conviction of a third party, and correspondence between his trial counsel and the prosecutor. The district court denied the motion, reasoning that all of this was either known to King before his conviction or immaterial to the case.

On appeal, King argues first that the district court abused its discretion in denying his motion because his evidence was newly discovered and material. We begin with the telephone records, which document calls made to and from the cell phone of a confidential informant who arranged the transaction that led to King's arrest. These records, he contends, prove that he could not have made calls concerning this transaction that at least one witness attributed to him. But King bears the burden of showing, among other things, that the evidence "came to his knowledge only after trial" and "could not have been discovered sooner had due diligence been exercised." *United States v. McGee*, 408 F.3d 966, 979 (7th Cir. 2005). King based his § 2255 motion in part on an argument that his trial counsel was ineffective for failing to enter the informant's phone records into evidence. In support of that argument, he submitted a memorandum which explicitly admits that the prosecution gave the records in question to his first appointed counsel. It is frivolous to argue that material that was actually disclosed before trial "came to his knowledge only after trial." *See id.* King would have us ignore the production because his first attorney allegedly failed to pass the records on to substitute counsel after being relieved. But even if the allegation is true, it is a claim of ineffective assistance of counsel. King made a similar argument in his unsuccessful § 2255 motion, and he may not use Rule 33 to pursue a successive collateral attack. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004)*; United States v. Evans*, 224 F.3d 670, 673 (7th Cir. 2000).

Similarly, King asserts that he possesses investigative reports that he acquired from the Drug Enforcement Administration after trial using the Freedom of Information Act. The district court found that, not only did King have these reports before trial, but that he attached copies to a letter he mailed to the court and his appointed counsel more than a year before his conviction. King counters that he attached local police reports, not the DEA reports, to that letter. King's assertion is dubious at best. He attached copies of the reports he received in response to his FOIA request to his Rule 33 motion, and they are (except for more extensive redaction) identical to the reports he attached to a pretrial letter to the district court. Although he says that the documents attached to his letter are "city reports," he does not show—nor can we discern—any difference between the documents other than the broader redaction in the latter set. King was in personal

possession of copies of these documents, and was aware of their contents before his trial concluded. They do not constitute "newly discovered evidence" for purposes of Rule 33.

King also contends that he recently learned about the conviction of Fernando Villafana for distributing methamphetamine. The district court, in questioning the relevancy of Villafana's conviction, noted that Villafana had pleaded to "distribution activities that occurred on June 11, 2003, almost a full year after King was tried and convicted." King argues, though, that in a new trial evidence of Villafana's conviction would probably lead to his acquittal because it supports his theory that he was the victim of entrapment. Because authorities mistakenly believed that he knew about Villafana's methamphetamine distribution, King contends, he was entrapped in order to pressure him to betray Villafana's confidence. The district court refused to allow King to present this defense at trial, because he could not produce any evidence of entrapment. King bears the burden of showing that the newly discovered evidence is material and "would probably lead to an acquittal in the event of a retrial." *McGee*, 408 F.3d at 979. We do not see what relevance Villafana's case would have to a defense of entrapment; at most, it could show that the authorities had a motive to target him for investigation. In the event of a retrial, if King raised an entrapment defense, he would be required to show "two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct." *Matthews v. United States,* 485 U.S. 58, 63 (1988). And evidence that a third party pleaded guilty to conduct that occurred well after King's own trial and conviction would not be material to either element.

Finally, King describes a letter sent by his first counsel to the prosecution informing the government of King's request for cell phone records for the confidential informant—apparently the same records he now calls newly discovered evidence. He says the letter is evidence that shows that the government's witnesses perjured themselves. But the letter is evidence of nothing; it merely sets out King's request for the phone records. Nor could it be newly discovered, as King's own counsel wrote the letter before his trial began.

AFFIRMED.