In the

# United States Court of Appeals
### For the Seventh Circuit

—————————

No. 08-2787

KEITH WASHINGTON,

*Applicant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent.*

—————————

On Motion for an Order Authorizing
the District Court to Entertain a Second
or Successive Motion for Collateral Review.

—————————

SUBMITTED JULY 17, 2008—DECIDED AUGUST 8, 2008

—————————

Before RIPPLE, MANION and KANNE, *Circuit Judges*.

PER CURIAM. Keith Washington has filed an application pursuant to 28 U.S.C. § 2244(b)(3), seeking authorization to file a successive collateral attack under section 2255. Mr. Washington pleaded guilty to three counts of bank robbery and was sentenced in November 2005 to 108 months' imprisonment. Consistent with the terms of his plea agreement, he did not appeal. In April 2008, he filed a motion to amend his sentence, citing Federal Rule of Criminal Procedure 52(b) as the source of the court's power to recalculate his sentence; he

argued it ought to do so because the court erroneously relied on the PSR's recommendation to increase his offense level under U.S.S.G. § 3C1.2 (endangerment during flight) and U.S.S.G. § 5K2.21 (dismissed conduct) for the same act.

The district court denied Mr. Washington's motion. *Washington v. United States*, No. 05 CR 396 (N.D. Ill.) (Order of June 13, 2008). It set forth Mr. Washington's claims and then simply stated that "Washington's motion therefore is an improperly filed motion under 28 U.S.C. § 2255." *Id.* Alternatively, the court held that the motion is an improper attempt to appeal the sentence. The court concluded that "in either event, Washington waived his right to challenge his sentence," *id.*, and denied the motion. Mr. Washington sought reconsideration, which the district court held was unavailable under the Federal Rules of Criminal Procedure. *Id.* (Order of July 8, 2008). Mr. Washington did not appeal that order but, on July 17, filed this section 2244(b) application arguing two constitutional claims: ineffective assistance of counsel and involuntary waiver of his rights to appeal and collateral review.

Mr. Washington's original motion to the district court was not a mislabeled motion under section 2255: it did not present a claim to relief arising under section 2255(a) because it did not present a constitutional claim against his conviction or sentence. *See United States v. Evans*, 224 F.3d 670, 673-74 (7th Cir. 2000) ("A *bona fide* motion for a new trial falls outside § 2255 ¶1 because it does not contend that the conviction or sentence violates the Constitution or any statute."). Even if it had, the district court did not properly warn Mr. Washington that it was construing his motion as one under section 2255 as required by *Castro v. United States*, 540 U.S. 375 (2003), and, thus, the motion cannot count as Mr. Washington's first collateral attack. It

therefore does not subject Mr. Washington to the preapproval mechanism of section 2244(b), and Mr. Washington has not filed any other postjudgment motions that would do so.

Accordingly, we construe Mr. Washington's application as a notice of appeal and forward it to the clerk for the United States District Court for the Northern District of Illinois for filing as of July 17, 2008, in case number 05 CR 396.