**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-6322**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

KEYSTON JAMORY WEST, a/k/a D, a/k/a Alonzo Green, a/k/a D-
Man,

             Defendant – Appellant.

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  John Preston Bailey,
Chief District Judge.  (3:00-cr-00006-JPB-JES-2; 3:00-cr-00046-
JPB-JES-2; 3:05-cv-00103-JPB-JES)

Submitted: January 20, 2011       Decided: February 18, 2011

Before NIEMEYER, SHEDD, and DAVIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Keyston Jamory West, Appellant Pro Se.  Thomas Oliver Mucklow,
Assistant United States Attorney, Martinsburg, West Virginia,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keyston Jamory West seeks to appeal the district court's orders denying his motion for an extension of time to note his appeal from the district court's orders denying relief on his 28 U.S.C.A. § 2255 (West Supp. 2010) motion and denying his timely Fed. R. Civ. P. 59(e) motion for reconsideration.[*] Because the district court did not address whether West had demonstrated good cause or excusable neglect warranting the extension, we vacate the decision of the district court and remand for further proceedings.

The district court's order denying West's Rule 59(e) motion was entered on September 11, 2009. Because the United States is a party to the action, West had sixty days from the denial of the Rule 59(e) motion, or until November 10, 2009, to note his appeal. See Fed. R. App. P. 4(a)(1)(B). Although West did not note his appeal within this period, he was entitled to

---

[*] The district court erroneously treated West's motion for reconsideration as a Fed. R. Crim. P. 33 motion for new trial. We note that Section 2255 and Rule 33 are distinct procedural vehicles, each with its own rules and time limits. "[A] Rule 33 motion is designed to rectify factual injustice, not to correct legal error." United States v. Evans, 224 F.3d 670, 674 (7th Cir. 2000). A § 2255 motion, on the other hand, challenges the conviction or sentence as violative of the Constitution or a statute. Id. at 673-74. We conclude that the motion for reconsideration qualified as a Fed. R. Civ. P. 59(e) motion for reconsideration of the district court's order denying West's § 2255 motion.

move for an extension of the appeal period "no later than 30 days after" expiration of the sixty-day period. See Fed. R. App. P. 4(a)(5). His motion, filed on December 7, 2009, qualifies as a timely Rule 4(a)(5) motion for extension of time to note his appeal.

An extension of the appeal period under Rule 4(a)(5) may be granted in the district court's discretion upon a showing of "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii). Here, the district court denied the motion for extension of time without deciding whether West had demonstrated good cause or excusable neglect. We accordingly vacate the decision of the district court and remand so that the court may determine whether West has made the necessary showing. The record, as supplemented, will then be returned to this court for further consideration.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED