**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 21, 2012

No. 11-51254
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEITH GREGORY WILSON,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:06-CR-40-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Keith Gregory Wilson moves for leave to proceed in forma pauperis (IFP) in appealing the dismissal of his motions for a new trial under Federal Rule of Criminal Procedure 33 and for relief from judgment under Federal Rule of Civil Procedure 60(b). His motions were based on allegedly new evidence that a policeman involved in his case was later fired for payroll fraud.

The district court properly construed the Rule 60 motion as a successive and unauthorized motion under 28 U.S.C. § 2255. *See United States v. Rich*, 141

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 550, 552-53 (5th Cir. 1998).  Regardless of whether the Rule 33 motion also was in substance a successive and unauthorized § 2255 motion, the district court did not err by denying the motion where Wilson offered only impeachment evidence, unrelated to his case, that was unlikely to have resulted in acquittal. *See United States v. Reedy*, 304 F.3d 358, 372 (5th Cir. 2002) (stating the requirements for a valid Rule 33 motion); *cf. United States v. Evans*, 224 F.3d 670, 672 (7th Cir. 2000) (holding that a Rule 33 motion that fits the description of § 2255(a) is a § 2255 motion although "a genuine claim of newly discovered evidence tending to show innocence is *not*").

Wilson identifies no nonfrivolous issue for appeal.  A COA is DENIED.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The motion for leave to appeal IFP is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.