**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**O'Neal WOODS, Defendant–Appellant.**

**No. 98–2332.**

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 18, 1999.

Decided March 9, 1999.

Thomas P. Schneider (submitted on brief), Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

O'Neal Woods, Federal Correctional Institution, Greenville, IL, Pro se.

Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

O'Neal Woods is serving a sentence of 175 months' imprisonment for possession of crack cocaine with intent to distribute it. His direct appeal raised a single argument: that the cocaine, found in a search of his car following a traffic stop, should have been suppressed. We affirmed in an unpublished order. Woods then filed a petition under 28 U.S.C. § 2255 arguing that his lawyer had

been ineffective in pursuing the motion to suppress, and that the prosecutor knowingly presented false evidence to defeat that motion. The district court denied the petition, and we declined to issue a certificate of appealability. Undeterred, Woods next filed in the district court a motion under Fed. R.Crim.P. 33, seeking a new trial on the theory that "newly discovered evidence" shows that the cocaine should have been suppressed. The district court denied this motion, and Woods has placed what are fundamentally the same contentions before us for a third time.

■ Last year we remarked that it is an open question whether motions under Rule 33 seeking new trials on the basis of "newly discovered evidence" should be treated as collateral attacks. *O'Connor v. United States*, 133 F.3d 548, 549 (7th Cir.1998). This is an important issue because of amendments to 28 U.S.C. § 2255 and other sections in Chapter 153 of the Judicial Code in 1996, long after Rule 33 was adopted. Rule 33 and the changes made by the Antiterrorism and Effective Death Penalty Act (AEDPA) do not easily coexist. If the Rule 33 motion is the first (or only) substantive post-judgment challenge, then the principal difference is the time limit. A Rule 33 motion based on newly discovered evidence may be filed up to "three years after the verdict or finding of guilty." When made following the outcome of a direct appeal, a Rule 33 motion plainly is "collateral" in the usual sense of that term. But a collateral attack under § 2255 must be filed within one year after "the date on which the judgment of conviction becomes final" (§ 2255 ¶ 6(1)), a period that could be more or less than three years from the verdict depending on how long it takes after the verdict to impose sentence and resolve any appeal. Section 2255 ¶ 6 provides alternative time limits for situations in which new facts come to light or new legal rules are established, but none of these is exactly three years from the verdict. A defendant therefore has a reason to characterize a § 2255 motion as one under Rule 33, or the reverse, in order to take advantage of whichever period turns out to be longer.

If the Rule 33 motion follows a § 2255 motion, then the potential for conflict increases. A successive collateral attack must be authorized by the court of appeals under 28 U.S.C. §§ 2244 and 2255 ¶ 8, while a Rule 33 motion starts in the district court. The substantive standards also differ. A successive collateral attack based on newly discovered evidence may be authorized if "(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B). Rule 33, by contrast, lacks a substantive standard, and the criteria articulated by cases such as *United States v. Gonzalez*, 93 F.3d 311, 315 (7th Cir.1996), depart from those in the AEDPA.

■ *Gonzalez* lists four requirements for a successful Rule 33 motion: (1) the evidence must have come to the defendant's attention after trial and (2) could not have been discovered before trial through the exercise of reasonable diligence; (3) the evidence must be more than simply cumulative or impeaching, and (4) sufficiently probative that it would probably lead to acquittal if there were a new trial. Elements (1) and (2) are similar to § 2244(b)(2)(B)(i). But elements (3) and (4) are substantially different from § 2244(b)(2)(B)(ii). The AEDPA imposes a "clear and convincing evidence" standard, as opposed to a "more likely than not" standard under Rule 33; moreover, § 2244(b)(2)(B)(ii) requires proof of actual *innocence* and therefore can never be satisfied by evidence that would have supported a motion to suppress, cf. *Kuhlmann v. Wilson*, 477 U.S. 436, 454 n. 17, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986); *Holman v. Page*, 95 F.3d 481 (7th Cir.1996), while the standard in *Gonzalez* might in principle be met by newly discovered facts that would lead to the suppression of critical evidence, and thus to the acquittal of a person who actually committed the crime.

Treated as a collateral attack, Woods' Rule 33 motion fails for multiple reasons. First, it is a second collateral attack and therefore needed this court's approval, which Woods did not seek. Second, it does not meet the

criteria of § 2244(b)(2), and we therefore would not have authorized its commencement if Woods had requested our approval. Third, it is untimely under § 2255 ¶ 6. But *should* it be treated as a collateral attack? Although we flagged this question in *O'Connor*, the parties to our case have ignored it, and we are reluctant to give a definitive answer without some input from affected interests.

We need not tackle the broad question to say that Woods' particular motion, though captioned under Rule 33, was actually a second collateral attack. Captions do not matter; the court must determine the substance of the motion. That much, at least, is clear from cases such as *Calderon v. Thompson*, 523 U.S. 538, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998), and *Burris v. Parke*, 130 F.3d 782 (7th Cir.1997), which hold that a motion to recall an appellate mandate may be a successive collateral attack, and *United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998), which adds that a motion in the district court under Fed.R.Civ.P. 60(b) also may be a successive collateral attack if it seeks to add issues to the prior attack. (*Burris* endorsed a number of similar decisions. See 130 F.3d at 783–84.) See also *Banks v. United States*, 167 F.3d 1082, 1084 (7th Cir. 1999): "Petitioners cannot avoid meeting the requirements of 28 U.S.C. § 2244(b) and § 2255 ¶ 8 simply by restyling their requests as motions" of another kind.

The district court remarked of Woods' "Rule 33" motion: "defendant raises substantially identical arguments to those he raised at trial, on appeal and in his § 2255 motion. Generally, the defendant asserts that the Milwaukee Police Department fabricated documents and testimony in order to form a pretextual basis for pulling him over and searching his car." Having reached this conclusion—with which we agree—the district court should have dismissed the motion without further ado. It is not properly a motion under Rule 33 because it does not rest on "newly discovered" evidence; the caption was just an effort to mislead the judge. This is a successive collateral attack, over which the district court lacks authority unless we have authorized its filing. *Nuñez v. United States*, 96 F.3d 990 (7th Cir.1996). We therefore vacate the district court's judgment and remand with instructions to dismiss for

want of jurisdiction. To avoid surplus paperwork, we treat Woods' appellate papers as a request for authorization to commence a second collateral attack, and we deny that implied motion.