In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1192

United States of America,

Plaintiff-Appellee,

v.

Michael J. Canino,

Defendant-Appellant.


Appeal from the United States District Court
for the Southern District of Illinois.
No. 87-40045--James L. Foreman, Judge.


Submitted April 27, 2000--Decided May 10, 2000


  Before Eschbach, Easterbrook, and Manion, Circuit
Judges.

  Easterbrook, Circuit Judge.  Michael Canino is
serving a term of 26 years' imprisonment
following his conviction as a "kingpin" of a
continuing criminal enterprise that imported and
distributed many tons of marijuana. 21 U.S.C.
sec.848. See United States v. Canino, 949 F.2d
928 (7th Cir. 1991). In 1997 he filed a
collateral attack under 28 U.S.C. sec.2255. The
district court dismissed this as untimely, see
sec.2255 para.6, and we denied his application
for a certificate of appealability. Next Canino
filed a motion for relief under the version of
Fed. R. Crim. P. 35(a) applicable to offenses
that occurred before November 1, 1987. Canino was
indicted on September 29, 1987, so he is covered
by this old rule, which says that "[t]he court
may correct an illegal sentence at any time".
Canino contends that two cases decided after his
convictions make both his convictions and the
sentence based on them unlawful. See Rutledge v.
United States, 517 U.S. 292 (1996); Richardson v.
United States, 526 U.S. 813 (1999).

  Former Rule 35(a) is limited to the correction
of an illegal sentence; it does not cover
arguments that the conviction is itself improper,
for such arguments must be raised under sec.2255.
See Hill v. United States, 368 U.S. 424, 430
(1962). Canino responds that Rule 35(a) permits

defendants to raise double-jeopardy objections to their sentences and contends that because both Richardson and Rutledge deal with the double jeopardy clause Rule 35(a) supplies a remedy. This is half right: old Rule 35(a) indeed permitted district courts to entertain "at any time" double-jeopardy objections to a sentence, but Canino's objections do not concern his sentence. He does not, for example, contend that he was sentenced twice on the basis of a single conviction. He believes that the convictions are invalid because of a prior conviction in the Eastern District of Pennsylvania, see United States v. Canino, 1987 U.S. Dist. Lexis 4590 (E.D. Pa. May 28, 1987), and therefore that sentences based on these convictions are improper; but this is exactly the kind of argument knocked out by Hill, and properly so unless Rule 35(a) is to subsume the entire law of collateral review and nullify decisions such as Teague v. Lane, 489 U.S. 288 (1989), which limit the retroactive use of constitutional novelties as the basis of collateral attacks.

The district court recognized that former Rule 35(a) does not permit it to entertain the sort of arguments Canino advances. Nonetheless, it proceeded to consider and reject those arguments on the merits. That was a mistake, for if Rule 35(a) does not authorize this proceeding (and it does not), then it is nothing but a disguised collateral attack--a second collateral attack, which may not proceed without prior consent of this court. Motions nominally under a Rule of Criminal Procedure, but raising arguments within the scope of sec.2255, must be treated as collateral attacks and dismissed if the petitioner has filed a prior collateral attack. Romandine v. United States, 206 F.3d 731 (7th Cir. 2000); United States v. Woods, 169 F.3d 1077 (7th Cir. 1999). Once the district court concluded that this was not a proper Rule 35 motion, it was obliged to dismiss the application for want of jurisdiction. Nunez v. United States, 96 F.3d 990 (7th Cir. 1996).

We have construed Canino's appellate brief as an implied request for leave to commence a second collateral attack, and so understood the request is denied. He does not argue that either Rutledge or Richardson is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. sec.2255 para.8(2). Moreover, a collateral attack based on Rutledge would be untimely, see sec.2255 para.6(3), even if that case had been made retroactive by the Supreme Court.

The judgment of the district court is vacated,

and the case is remanded with instructions to dismiss for want of jurisdiction. Canino's request for leave to commence a second collateral attack under sec.2255 is denied.