In the
United States Court of Appeals
For the Seventh Circuit

No. 01-2006

GEORGE HERMAN RUTH,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. IP 01-138-C-T/F--John D. Tinder, Judge.

Submitted June 22, 2001--Decided September 12, 2001


   Before Manion, Diane P. Wood, and Williams,
Circuit Judges.

   Diane P. Wood, Circuit Judge.  George Ruth
filed a motion under 28 U.S.C. sec. 2255
collaterally attacking his 120-month
prison sentence, imposed in 1994 for
possession of phenylacetic acid with
intent to manufacture methamphetamine.
The district court determined that Ruth's
prior motion for a new trial under
Federal Rule of Criminal Procedure 33
constituted a collateral attack within
the scope of sec. 2255 para. 1, and thus
that his current sec. 2255 motion was
successive. Because Ruth lacked
permission from this court to file a
successive challenge, the district court
dismissed Ruth's motion for lack of
jurisdiction. Ruth appeals the dismissal
of his sec. 2255 motion and disputes the
district court's construction of his
prior Rule 33 motion.

   This case illustrates a point we made in
United States v. Evans, 224 F.3d 670 (7th
Cir. 2000): "A bona fide motion for a new
trial on the basis of newly discovered
evidence falls outside sec. 2255 para. 1
because it does not contend that the
conviction or sentence violates the
Constitution or any statute." Id. at 673-
74. As we explain below, Ruth's prior
motion for a new trial was a bona fide
Rule 33 motion. The district court's
conclusion that his current sec. 2255

motion constitutes an improper second collateral attack was therefore incorrect. Accordingly, we vacate the district court order and remand the case for further proceedings.

Following a 1995 conviction for possession of phenylacetic acid (PAA) with intent to manufacture methamphetamine, Ruth was sentenced to 120 months' imprisonment and three years' supervised release. We affirmed his conviction and sentence on direct appeal. United States v. Ruth, 65 F.3d 599 (7th Cir. 1995). In April 1998 Ruth filed a Rule 33 motion for a new trial based on newly discovered evidence. At trial the government had theorized that Ruth had utilized numerous aliases, including an allegedly phony company called Countryside Fragrances, to arrange his purchases of PAA. Ruth contended that newly discovered evidence, which he received following a Freedom of Information Act request, supported his argument that Countryside Fragrances was a legitimate company that existed independently of him. This new evidence, he argued, bolstered his claim of innocence and required a new trial. The government opposed Ruth's motion, claiming that the evidence of his guilt was overwhelming. In denying Ruth's motion, the district court held that the evidence Ruth offered was merely cumulative and would not likely lead to an acquittal if presented at a new trial.

Earlier this year, Ruth filed a sec. 2255 motion raising an argument under Apprendi v. New Jersey, 530 U.S. 466 (2000), and asking the district court to correct his sentence because the amount of PAA for which he was held responsible was not included in the indictment. The district court acknowledged Ruth's earlier Rule 33 motion and, citing Evans, concluded that it "must" be treated as a sec. 2255 motion. The district court then determined that it lacked jurisdiction to hear Ruth's sec. 2255 motion because he had not obtained this court's permission to file a second or successive collateral attack and dismissed the motion. See Nunez v. United States, 96 F.3d 990 (7th Cir. 1996).

Ruth then filed a motion under Federal Rule of Civil Procedure 59(e) asking the district court to reconsider its judgment

because, according to Ruth, the court erred in construing his prior Rule 33 motion as a collateral attack under sec. 2255 para. 1. The district court denied Ruth's motion to reconsider because it believed Ruth's Rule 33 motion fit the description of sec. 2255 para. 1. See, e.g., Evans, 224 F.3d at 672 (holding that "any post-judgment motion in a criminal proceeding that fits the description of sec. 2255 para. 1 is a motion under sec. 2255"). Ruth renews his arguments in this court.

A Rule 33 motion must be considered a collateral attack for purposes of sec. 2255 para. 8, the provision governing successive habeas corpus filings, when the substance of the motion falls within the scope of sec. 2255 para. 1. Evans, 224 F.3d at 672-73; see also Romandine v. United States, 206 F.3d 731, 734-35 (7th Cir. 2000). In Evans, a prisoner who lost his direct appeal and his first sec. 2255 motion filed a Rule 33 motion seeking a new trial on the basis of what he considered to be "newly discovered evidence." Evans's motion, however, revealed a different underlying argument. His purported "new evidence" was that the prosecution had failed to disclose evidence in violation of his due process rights under Brady v. Maryland, 373 U.S. 83 (1963). Evans also argued that he was entitled to a new trial because the prosecution violated federal law by using witnesses who anticipated lenient treatment in exchange for their testimony. Labels to one side, these were the kinds of arguments contemplated by sec. 2255 para. 1: the Brady argument raised a constitutional attack on the conviction, and the witness argument rested on statutory grounds. We held that his motion, properly construed, was a collateral attack and instructed the district court to dismiss for lack of jurisdiction under Nunez.

In analyzing Evans's motion and our prior law concerning successive filings, we noted that "[a] bona fide motion for a new trial on the basis of newly discovered evidence falls outside sec. 2255 para. 1 because it does not contend that the conviction or sentence violates the Constitution or any statute." Evans, 224 F.3d at 673-74. An argument of actual innocence, based on newly discovered evidence, does not implicate the

Constitution, Herrera v. Collins, 506 U.S. 390, 400-01 (1993), and so a Rule 33 motion that actually argues innocence, rather than offers "new evidence of a constitutional violation or other ground of collateral attack," is not a sec. 2255 filing.

The latter kind of motion is what we have here. Ruth asserted in his Rule 33 motion that his new evidence of Countryside Fragrances's legitimate and independent existence supported his claim of innocence. He did not argue that the government violated Brady by failing to disclose this information, nor did he assert that the existence of this information rendered his sentence excessive or called into question the jurisdiction of the court. If he had raised those arguments--all listed in sec. 2255 para. 1 as grounds for a collateral attack--the district court's resolution would have been correct. Instead, Ruth's bona fide Rule 33 motion is not properly characterized as one under sec. 2255. His latest filing is therefore his first collateral attack under sec. 2255, and the district court should have addressed it on its merits. Accordingly, we Vacate the district court judgment and Remand the case with instructions to do so.