**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mario G. CLAIBORNE, Defendant–**
**Appellant.**

**No. 00–1165.**

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 13, 2001.*

Decided Dec. 13, 2001.

Before BAUER, EASTERBROOK, and EVANS, Circuit Judges.

**Order**

Mario Claiborne is serving multiple life sentences for his extensive drug transactions. Approximately nine months after we affirmed his conviction and sentences,

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

see 62 F.3d 897 (7th Cir.1995), Claiborne filed a motion for a new trial. Well over a year later, he filed a second motion for a new trial. Both motions purported to invoke the authority of Fed.R.Crim.P. 33, and not 28 U.S.C. § 2255. Each motion alleges that the prosecution withheld evidence that should have been disclosed under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The district court denied both motions, and Claiborne appeals.

Both sides on appeal direct their attention to the question whether Claiborne presented new evidence justifying a new trial. That would be the right issue for a *bona fide* Rule 33 motion, which deals with newly discovered evidence of *innocence* (as opposed to newly recognized claims of error), but neither of these motions fits the Rule 33 category. In *United States v. Evans*, 224 F.3d 670 (7th Cir.2000), we held that any motion filed after expiration of the time for direct appeal (as these motions were) and invoking the grounds for relief specified in the first paragraph of § 2255 is a collateral attack under § 2255. A *Brady* claim meets that description. See *Evans*, 224 F.3d at 674; *Ruth v. United States*, 266 F.3d 658, 660–61 (7th Cir. 2001). Claiborne's motions accordingly do not support relief under Rule 33 and were properly denied.

A district court faced with a mislabeled § 2255 motion should notify the prisoner and allow him to withdraw the motion, so that he does not inadvertently use up his sole allotted collateral attack. The district court neglected to give that advice, and as a result this mislabeled motion does not constitute an initial § 2255 motion that would require this court's prior consent to file a second. See *Henderson v. United States*, 264 F.3d 709 (7th Cir.2001). This does not, however, entitle Claiborne to another bite at the apple, for the time to seek relief under § 2255 has expired (and was not tolled–for the same reason that the mislabeled Rule 33 motions are not treated as collateral attacks for the purpose of the rule against successive collateral attacks, they also are not treated as collateral attacks for the purpose of the tolling rules). Because the district court treated the Rule 33 motions as what they purported to be–and correctly denied them on the ground that they fail to set out the sort of reasons that justify relief under that Rule–its judgment is

AFFIRMED.