NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 26, 2019
Decided February 27, 2019

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-1617

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*, | Appeal from the United States District<br>Court for the Central District of Illinois. |
| *v.* | No. 10-20042-002 |
| DUANE L. O'MALLEY,<br>*Defendant-Appellant*. | James E. Shadid,<br>*Chief Judge*. |

**O R D E R**

Duane "Butch" O'Malley was convicted after a jury trial of removing, handling, and disposing of insulation that he knew contained regulated asbestos without licensing, training, equipment, or authorization to do so, in violation of the Clean Air Act, *see* 42 U.S.C. § 7413(c)(1). He was sentenced to 10 years in prison, below the Sentencing Guidelines recommended range. We affirmed his conviction. *See United States v. O'Malley*, 739 F.3d 1001 (7th Cir. 2014) (*O'Malley I*). He then moved for a new trial in light of newly discovered evidence that, he says, would impeach Michael Pinski, who had testified at trial that he warned O'Malley that the insulation contained asbestos. *See* FED. R. CRIM. P. 33. (We described that evidence in *United States v. O'Malley*, 833 F.3d 810, 812 (7th Cir. 2016) (*O'Malley II*)). Chief Judge Shahid denied the motion because, in his view, O'Malley should have brought the evidence under 28 U.S.C. § 2255. We vacated that decision and remanded the case for the judge to

reconsider O'Malley's motion under Federal Rule of Criminal Procedure 33. *See O'Malley II*, 833 F.3d at 816. The judge denied the motion on the merits, and O'Malley appealed.

O'Malley's appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). When a defendant moves for a new trial before taking a direct appeal, he has a right to counsel on appeal with respect to that motion. *See Kitchen v. United States*, 227 F.3d 1014, 1018 (7th Cir. 2000). Before we resolved O'Malley's direct appeal, he filed a motion for a new trial that is similar to the one now before us. Therefore, we will assume that he has a right to counsel on this appeal and apply the *Anders* safeguards. *See United States v. Wheeler*, 814 F.3d 856, 857 (7th Cir. 2016) (applying *Anders* framework even when defendant had no right to counsel). Counsel's submission explains the nature of the case and describes the issues that the appeal would involve. Her analysis appears thorough, so we limit our review to the topics she discusses and those that O'Malley raises in response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); CIR. R. 51(b).

Counsel considers challenging only the judge's denial of O'Malley's motion for a new trial. A district judge may grant a defendant's motion for a new trial "if the interest of justice so requires," FED. R. CRIM. P. 33(a), that is, when "additional evidence (1) was discovered after trial, (2) could not have been discovered sooner …, (3) is material and not merely impeaching or cumulative, and (4) probably would have led to acquittal," *O'Malley II*, 833 F.3d at 813. We would review the judge's decision to deny the motion for a new trial for an abuse of discretion. *See United States v. Hamdan*, 910 F.3d 351, 357 (7th Cir. 2018). Counsel contemplates arguing that the evidence he offers warrants a new trial because it would impeach Pinski. New evidence that would impeach the government's "star witness," counsel rightly states, may warrant a new trial. *See United States v. Salem*, 578 F.3d 682, 688 (7th Cir. 2009) (remanding for evidentiary hearing).

Nonetheless, we agree with counsel that this argument is frivolous for three reasons. First, new impeachment evidence does not justify a new trial when the evidence against the defendant was strong enough to convict him, even without the impeached witness's testimony. *See United States v. Westmoreland*, 712 F.3d 1066, 1075 (7th Cir. 2013). Here, the record contains ample evidence that O'Malley illegally handled and discarded asbestos, endangering workers and the public. He hired untrained workers to remove the dry insulation using a circular saw (which generated asbestos dust), load the insulation in plastic garbage bags, and leave it in unsealed dumpsters or at an abandoned farmhouse. *O'Malley I*, 739 F.3d at 1004. He provided the

workers with only simple masks and respirators without filters to protect them from the disease-causing particles. *Id*. And according to several witnesses other than Pinski, O'Malley knew that the insulation contained asbestos: one of O'Malley's employees warned him that the building likely had asbestos; another contractor recognized the asbestos and informed O'Malley that a license was required to remove it; O'Malley told an employee that he knew about the asbestos and initially instructed his staff that the insulation should go to an asbestos-abatement facility; and O'Malley demanded cash payment to avoid a "paper trail" of his activities. *See id.* at 1003–04. He also directed one of his employees to lie to a state inspector about having disposed of asbestos-filled insulation if a state inspector asked him about it. *Id.* at 1004. Finally, O'Malley admitted to federal agents that he failed to stop the illegal asbestos removal. *Id.*

Second, we would conclude that the district court did not err in denying O'Malley's motion for a new trial because cumulative impeachment evidence is not grounds for a new trial, *United States v. Salem*, 643 F.3d 221, 227 (7th Cir. 2011), and O'Malley's proposed new evidence is cumulative. The evidence concerns Pinski's cooperation with the public authorities, but O'Malley cross-examined Pinski about his cooperation during the trial. Third, evidence that was discoverable before trial is not "new" and does not warrant a another trial. *See Westmoreland*, 712 F.3d at 1073. Some of the evidence O'Malley wants to present to impeach Pinski (for example, documentation of Pinski's cooperation with a state agency), was publicly available long before his trial.

O'Malley opposes counsel's *Anders* submission. He proposes arguing that his case is like *United States v. Ballard*, 885 F.3d 500 (7th Cir. 2018), in which we affirmed Chief Judge Shahid's grant of a motion for a new trial based on new impeachment evidence. But this argument is frivolous. In *Ballard*, we stated that "a trial judge is best equipped to 'develop a feel for the impact of the witnesses on the jury,'" and we "'cannot duplicate' such a nuanced sense on appeal." *Id.* at 505–06 (quoting *United States v. Boyd*, 55 F.3d 239, 242 (7th Cir. 1995)) (alterations omitted). We affirmed Chief Judge Shahid's ruling because we were "not convinced" that he made a mistake. *Id.* at 506. In O'Malley's case, Chief Judge Shahid determined that the new evidence did *not* warrant a new trial. Affording him the same latitude that we did in *Ballard*, we would not be convinced that he erred in this case either.

O'Malley discusses more potential arguments, but they would be pointless, too. He first asserts a possible challenge to the district judge's treatment of his motion for a new trial as a collateral attack under 28 U.S.C. § 2255. But we already agreed with O'Malley that the judge erred, *see O'Malley II*, 833 F.3d at 816, and the judge has since

ruled on O'Malley's motion, properly construed as one under Rule 33. O'Malley then suggests arguing that he received ineffective assistance of counsel, but such arguments are better reserved for a collateral attack. *See United States v. Flores*, 739 F.3d 337, 341–42 (7th Cir. 2014). Finally, O'Malley asserts that his appointed counsel is conflicted because she ineffectively represented him in his second appeal. But in that appeal we ruled in O'Malley's favor on the grounds for which counsel advocated, so we see no conflict.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal. Because O'Malley's appeal is no longer pending, we also DENY his motion to be released on bond. *See* 18 U.S.C. § 3143(b); FED. R. APP. P. 9.