NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 29, 2021[*]
Decided June 30, 2021

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-3286

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 05-10074 |
| CORDELL L. AVANT, *Defendant-Appellant*. | Michael M. Mihm, *Judge*. |

## ORDER

Cordell Avant is in state prison for a state conviction that also led to the revocation of his federal supervised release. He will serve a federal sentence after he finishes his state sentence. In his federal criminal case, he recently moved to have the revocation sentence vacated. The district court denied the motion as time-barred, but Avant now says that he sought relief under Federal Rule of Civil Procedure 60(b)(4), which has no express limitation period. *See* FED. R. CIV. P. 60(c)(1) ("A motion under

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Rule 60(b) must be made within a reasonable time."). That rule is inapplicable in criminal proceedings, however, and we therefore affirm.

In 2006, Avant pleaded guilty in federal court to one count of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g). His recidivist status was based on multiple felony convictions in Illinois state court when he was 17 years old. The district court sentenced him to 46 months in prison and 3 years of supervised release. In 2010, while on supervised release, Avant was convicted in state court of aggravated battery with a firearm. A year later, the district court revoked Avant's supervised release based on his admission to violating the conditions (by committing another crime) and sentenced him to 24 months' imprisonment, to run consecutive to his state sentence, which he is still serving. Avant never appealed his original federal sentence or the revocation of his supervised release.

Avant moved in 2020 to vacate the upcoming revocation sentence, though he did not specify any authority for such a motion. Substantively, he pointed to a 2005 decision of the Supreme Court of the United States and a 2014 change to Illinois law, both of which, he argued, draw the line between juvenile and adult at 18. *See* 705 ILCS 405/5-105(3) (defining "delinquent minor" as anyone committing an offense prior to his or her 18th birthday); *Roper v. Simmons*, 543 U.S. 551, 574 (2005) ("[Eighteen] is the point where society draws the line for many purposes between childhood and adulthood."). Therefore, he contended, his federal conviction in 2006—the origin of the revocation sentence—was unconstitutional because it was predicated on juvenile offenses. The district court denied the motion as untimely, without saying what it construed the motion to be.

On appeal, Avant clarifies that he brought his motion under Federal Rule of Civil Procedure 60(b)(4) and argues that it could not be untimely because there is no time limit. *See* FED. R. CIV. P. 60(c)(1). As a challenge to the validity of his sentence on constitutional grounds, Avant's motion more closely resembles a collateral attack, such as under 28 U.S.C. § 2255(a). In that case, it was too late. *See* § 2255(f). But we are not required to recharacterize a motion as one that falls under § 2255 if the defendant did not previously file a § 2255 motion (and so is not attempting to avoid the bar on successive motions), and he insists he has other grounds for relief. *See United States v. O'Malley*, 833 F.3d 810, 815–16 (7th Cir. 2016); *see also Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005) ("[T]here are pitfalls of different kinds for prisoners using the wrong vehicle . . . [i]n most cases, therefore, the district court should evaluate cases as the plaintiffs label them.") (internal quotations omitted) (citing *Bunn v. Conley*, 309 F.3d

1002, 1007 (7th Cir. 2002)). Both are true for Avant, so we will hold him to the label he places on his motion. That means, however, that we cannot find any error in the denial of the motion, timely or not: Rule 60 allows courts to provide relief from civil, not criminal, judgments. *See* FED. R. CIV. P. 1.

We do not express any opinion on whether, or how, Avant could still pursue a challenge to his forthcoming revocation sentence, and nothing in this order should be interpreted to address the merits of his argument.

AFFIRMED