**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 9, 2022[*]
Decided November 10, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 22-1558

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 1:17-cr-00517 |
| ANDREW J. JOHNSTON, | |
| *Defendant-Appellant.* | Rebecca R. Pallmeyer, |
| | *Chief Judge.* |

**O R D E R**

Andrew Johnston, a federal inmate convicted of attempted bank robbery, appeals the denial of his motion for a new trial based on newly discovered evidence.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Because the district court correctly concluded that the evidence would not have led to Johnston's acquittal, we affirm.

In 2017 a man walked into a bank in Hardwood Heights, Illinois, and told a teller to "put [her] hands up" because "this is a robbery." The man donned distinctive clothing—a black hoodie, gloves with tape wrapped around the fingertips, a ski mask, and a black hat bearing the word "security." The exchange was seen by the bank's supervisor and a customer at the drive-through window. When the customer mouthed that he was going to call 911, the robber fled. Soon after, in a nearby parking lot, the customer saw the same man enter a car and speed away. The customer then called 911 and described to an operator the clothes the man was wearing, as well as the color, make, model, and license plate of the man's car.

Two miles from the bank an officer pulled over Johnston, who was driving a car that largely matched the customer's description. The only difference in the description was a single entry on the license plate number. Johnston's plate number was "Q937444," and the police officers had understood the reported plate number to read "2937444." Upon peering into the car, the officers saw on the back seat all the clothes worn by the robber—the black hoodie, gloves with tape, ski mask, and black "security" cap.

The government charged Johnston with attempted bank robbery. *See* 18 U.S.C. § 2113(a). He was convicted of that crime after a jury trial.

Johnston appealed, in part on grounds that the district court should have excluded the evidence on his car's back seat because the police lacked probable cause to stop and arrest him. We affirmed, explaining that the customer's description of the robber's vehicle supplied probable cause for the stop and arrest, and, in any event, the clothing on the back seat was in plain view. *See United States v. Johnston*, 814 F. App'x 142, 146 (7th Cir. 2020). Based on that same argument, Johnston also sought relief under 28 U.S.C. § 2255.

Johnston later moved under Rule 33 of the Federal Rules of Criminal Procedure for a new trial based on newly discovered evidence. Through a Freedom of Information Act request, he had obtained a letter from the Federal Deposit Insurance Corporation stating that it did not cover the bank for robbery liability. In Johnston's view, this statement proved that Congress could not criminalize bank robbery, thereby stripping the district court of federal jurisdiction to hear his bank-robbery case. Johnston had also

obtained a video captured by the dashboard camera of the car driven by the officer who pulled him over. Johnston argued that the video proved that the police lacked probable cause to stop him and then seize his clothing. According to Johnston, the video showed that the officer had not been informed of the robber's license-plate number when she pulled him over, and that other officers did not see the "security" hat on his back seat. The seized clothing, he asserted, should have been suppressed for lack of probable cause.

The district court denied the motion. The court stated that Johnston's recent submissions did not cast doubt on probable cause for his arrest, let alone the validity of his conviction or the court's jurisdiction over this case. And, the court continued, his motion was in essence a "disguised Section 2255 petition," duplicative of one he had already filed.

To prevail on a Rule 33 motion based on newly discovered evidence, Johnston had to show, among other things, that the new evidence probably would have led to his acquittal. *See United States v. O'Malley*, 833 F.3d 810, 813 (7th Cir. 2016). One way a defendant can do so is by demonstrating that the newly discovered evidence would have led to the suppression of other evidence that was necessary to his conviction. *See id.* at 814 (citing *United States v. Woods*, 169 F.3d 1077, 1078 (7th Cir. 1999)).

On appeal Johnston again challenges the basis for federal jurisdiction, maintaining that Congress lacks authority under the Commerce Clause to make bank robbery a federal crime. We have repeatedly rejected this argument, *see, e.g., United States v. Watts*, 256 F.3d 630, 633–44 (7th Cir. 2001), as we did in Johnston's direct appeal, *see Johnston*, 814 F. App'x at 145. Congress has the power to criminalize the robbery of FDIC-insured banks, regardless of whether the FDIC insures those banks for robbery, because the banks are "fundamental to the conduct of interstate commerce." *Watts*, 256 F.3d at 633; *see also United States v. Hagler*, 700 F.3d 1091, 1100 (7th Cir. 2012).

As for the merits of the court's ruling, Johnston continues to argue that the dashboard video shows that the officers lacked probable cause to stop him and seize the "security" hat on his back seat. Had this evidence been suppressed, he insists, he would have been acquitted.

The court acted well within its discretion to deny the motion. The video casts no doubt on whether probable cause supported Johnston's arrest. First, the video confirms that the arresting officer knew that Johnston's license-plate number matched the

description of the robber's. In the video, before the officer pulls Johnston over, a police dispatcher is overheard saying, "that officer is behind that vehicle with the license plate you guys gave out from your bank." Because the customer had described a car of the same make, color, and model, and a nearly identical license-plate number, the officer had probable cause to stop Johnston. *See Maniscalco v. Simon*, 712 F.3d 1139, 1141, 1144 (7th Cir. 2013) (officers had probable cause to arrest a suspect when the suspect's license plate matched the victim's report).

Second, the video supports that officers saw the "security" hat in plain view on the back seat. In the video, an officer, upon being told by another officer to look for "a black security hat," peers through Johnston's back window and replies, "it's right here." Because the hat was in plain view and its incriminating character was immediately apparent (given that the robber wore such a hat), the officers could lawfully seize it. *See United States v. Cherry*, 920 F.3d 1126, 1137–38 (7th Cir. 2019).

We have considered Johnston's other arguments, and none has merit.

AFFIRMED